UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

KEVIN RINGELBERG,

                        Plaintiff,

      -v-

THE CITY OF NEW YORK et al.,

                        Defendants.

------------------------------------------------------------

THE CITY OF NEW YORK,

                        Counterclaim Plaintiff,    20 Civ. 7251 (PAE)

      -v-
                                                             ORDER

ANDRE DENNIS and CARLO NAPPI,

                        Counterclaim Defendants.

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

     On September 4, 2020, Kevin Ringelberg commenced this action against the City of New York (the "City"). Dkt. 1. On October 1, 2020, the City brought counterclaims against Ringelberg and additional counterclaim-defendants Carlo Nappi and Andre Dennis. Dkt. 6. On November 5, 2020, the City served Dennis with the Counterclaims and Summons at his place of business by leaving them with his nephew, "as requested by Mr. Dennis," and by mailing them by first class mail, which was delivered on November 16, 2020. Dkt. 13. On November 6, 2020, the City personally served the Counterclaims and Summons on Nappi. Dkts. 12, 33. On December 9, 2020, the City and Ringelberg stipulated to the dismissal of the City's claims against Ringelberg, and Ringelberg's claims against the City. *See* Dkts. 19–22. As a result, the only claims remaining in the case are the City's against Nappi and Dennis.

On January 4, 2021, the City sent letters to Nappi and Dennis notifying them that it intended to commence default proceedings against them. Dkt. 29 ("Friedrich Decl.") ¶¶ 13–14; *id.*, Exs. G–H. On January 13, 2020, the City obtained a clerk's certificate of default against Nappi and Dennis. Dkts. 25–27. On February 23, 2020, the City moved for a default judgment as to those defendants. Dkts. 28–30. On February 25, 2021, the Court issued an order. Dkt. 31. In that order, the Court observed that the City's motion papers were in good order and notified the parties that, in light of the COVID-19 public-health emergency, the Court intended to resolve the City's motion on the papers. *Id.* The Court also directed Nappi and Dennis to file any opposition to the motion through the Court's electronic filing system or email by March 18, 2021, at 2:30 p.m., and directed the City to serve the order on Nappi and Dennis and file proof of service by March 1, 2021. *Id.* On March 1, 2021, the City filed a declaration showing proof of service on both remaining defendants, including by email on Nappi, at an email address that the City had recently learned of. Dkt. 32.

On March 22, 2021, the Court received a letter from the City stating that Nappi had contacted it and denied that he had ever been served in this action. Dkt. 33. In email correspondence from Nappi attached to that letter, it appears that Nappi attempted to contact the Court on March 17, 2021, but included the wrong email address. In that email, Nappi suggested that he intends to move to dismiss the City's Counterclaims. *Id.*, Ex. 1. In light of Nappi's appearance in this action and apparent intent to defend it and the City's offer to waive Nappi's default, the Court, by separate order, stated that it would deny the City's motion for a default judgment as to Nappi. Dkt. 34. Nappi's answer to the City's Counterclaims is now due by April 13, 2021.

Defendant Dennis, however, has not appeared or in any manner objected to the City's motion. The Court has reviewed the City's motion for default judgment as to Dennis, Dkt. 28, and the accompanying declaration of Krista Friedrich, Esq., with exhibits, Dkt. 29, as well as the City's memorandum of law in support of its motion, Dkt. 30, pursuant to Federal Rule of Civil Procedure 55(b). Because proof of service has been filed, Dennis has not answered the City's Counterclaims, the time for doing so has expired, and Dennis has failed to contest entry of a default judgment by the appointed date and time, the Court enters a default as to liability for the City, solely against Dennis.

The Court, by separate order, will commission an inquest into damages. The Clerk of Court is respectfully directed to terminate the motion pending at docket 28.

SO ORDERED.

						_____
						PAUL A. ENGELMAYER
						United States District Judge

Dated: March 23, 2021
		New York, New York