SUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CITY OF NEW YORK, | |
| Counterclaim Plaintiff, | 20 Civ. 7251 (PAE) |
| -v- | ORDER |
| ANDRE DENNIS and CARLO NAPPI, | |
| Counterclaim-Defendants. | |

PAUL A. ENGELMAYER, District Judge:

On April 30, 2021, the Court received email correspondence from *pro se* defendant Carlo Nappi attaching a motion to dismiss the City of New York's claims against him for failure of service. That motion is attached to this order, and had not been docketed in this case because Nappi failed to comply with the *pro se* intake unit's requirement that proposed filings be in PDF format. Nappi argues that he was not served on October 16, 2020, that he was away from his home at a doctor's appointment on that date, and that, on August 15, 2020, he signed a lease at a new residence. On May 4, 2021, the City responded, by letter. Dkt. 44. It argues that Nappi's claims as to October 16, 2020, are inapposite, given that the City's affidavit of service shows that service was made on him on November 6, 2020, and that Nappi has not contested service on that later date. It further provides a declaration from the person who served Nappi, and who avers that he did so on November 6, 2020, that he recognized Nappi based on past interactions in which he had served process on Nappi for the City, that the person he served took the service papers after being addressed as "Mr. Nappi," and that a car bearing license plates registered to Nappi was outside the home at which he served Nappi. Dkt. 44-1 ¶¶ 3–4, 6. The Court has no cause to doubt these representations.

Accordingly, for the reasons given by the City, the Court finds its proof of service on Nappi to be adequate and without defect. Nappi's motion to dismiss is therefore denied. Further, as the City notes, in the unlikely event that Nappi were to produce countervailing evidence that—despite all appearances—he was not, in fact, served on November 6, 2020, the proper remedy would not be dismissal with prejudice. Instead, the Court would likely offer the City an opportunity to remedy any service defects and, if it could not do so, order dismissal *without* prejudice.

In his motion, Nappi also requests, if his motion were to be denied, 30 days additional days to answer the counterclaims. After granting Nappi's last extension request, the Court ordered that, "[a]bsent extraordinary circumstances, Nappi should not expect any further extensions" of that deadline. Dkt. 43. Thus, the Court will only give Nappi the 14 days afforded by Federal Rules of Civil Procedure 12(a)(4)(A), until **May 14, 2021**, to file his answer to the City's counterclaims. If he fails to do so, the Court will entertain a renewed motion by the City for a default judgment as to Nappi.

The Court orders Nappi—as it has in two prior orders—to promptly appear as a *pro se* party in this case so that he receives timely notification about events as it moves forward. If he needs assistance in doing so, the Court encourages him to make use of the District's resources for *pro se* litigants, which the Court has previously described. For now, the Court directs the City to serve this order on Nappi forthwith, and to file proof of such service on the docket.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: May 4, 2021
New York, New York

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

KEVIN RINGELBERG,

 Plaintiff,

 -against-                                                                                                2020-cv-07251 (PAE)

THE CITY OF NEW YORK, SHERIFFS DEFENDANTS'                        **Motion to Dismiss**

EDWARD OLIVE, TAX REG. # 690061, KEN

CLARK, MICHAEL LAST NAME UNKNOWN,

TAX REG. # 592168, and JOHN DOES ## 1-10,

 Defendants.

-----------------------------------------------------------------x

THE CITY OF NEW YORK,

 Counterclaim Plaintiff,

 -against KEVIN RINGELBERG, ANDRE DENNIS, and

CARLO NAPPI,

 Counterclaim Defendants.

----------------------------------------------------------- x

Carlo J. Nappi, Pro Se, hereby makes a Motion to Dismiss this action against him only, based on the following:

1- That on October 16, 2020 I was not served by anyone, especially by Keinath Lesnak. The proof of service attached fails to specify any description of anyone, let alone me. Exhibit A

2- That on October 16, 2020, at 9 O'clock AM, I had a doctor's appointment in Southampton with Dr. Alan Fine 365 County Road 39A, Southampton NY 11968, telephone 631-283-6446.

3- On August 15, 2020, I signed a lease for a new rental house, 151 Scenic Lake Drive, Riverhead, NY 11901, a copy of the first page of the lease is attached as exhibit B

4- Based on these exhibits, and the lack of clarity on the part of the affidavit of service as to who was in fact served, I respectively submit this Motion to dismiss.

5- If the court renders a decision against this motion, I request a Thirty Day Extension to file an appropriate answer to the summons and complaint at Bar.

WHEREFORE, Carlo J. Nappi respectfully prays that the Court grant his Motion to Dismiss this action with prejudice against the City of New York, Sheriffs Defendants and John Does 1-10.

-------------------------------------------------------------------

Respectfully:         Dated:        April 30, 2021

Carlo J. Nappi

Pro Se

By      _____s/_____

Carlo J. Nappi

151 Scenic Lake Drive
Riverhead, NY 11901
516-524-4806