UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY OF NEW YORK,

                      Counterclaim Plaintiff,

-v-

ANDRE DENNIS and CARLO NAPPI,

                      Counterclaim Defendants.

20 Civ. 7251 (PAE) (KHP)

ORDER

PAUL A. ENGELMAYER, District Judge:

Before the Court is the December 10, 2021 Report and Recommendation of the Hon. Katharine H. Parker, United States Magistrate Judge, following an inquest into the damages that the City of New York (the "City"), as counterclaim plaintiff, is due. Dkt. 73 (the "Report"). For the following reasons, the Court adopts the Report's recommendation that the City be awarded $167,500 from defendant Carlo Nappi under the Contraband Cigarette Trafficking Act, 18 U.S.C. § 2341 *et seq.* ("CCTA"), and $2,543,310 from Nappi and his co-defendant Andre Dennis, jointly and severally, under the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), plus post-judgment interest, and that a permanent injunction be issued against the defendants.

I. **Background**

On September 4, 2020, Kevin Ringelberg filed a complaint against several defendants, including the City, which alleged, *inter alia*, false arrest, assault and battery, and malicious prosecution. Dkt. 1. On October 1, 2020, the defendants filed their answer to the complaint and counterclaims against Ringelberg, Dennis, and Nappi for violating the CCTA and RICO, and against Ringelberg for violating New York Public Health Law. Dkt. 6.

On December 9, 2020, Ringelberg and defendants dismissed all claims and counterclaims against each other. Dkts. 21–22. On January 13, 2021, the City obtained a clerk's certificate of default against Dennis and Nappi, Dkt. 27, and on February 23, 2021, the City made a motion for default judgment against them. Dkts. 28–30. On February 25, 2021, the Court issued an order directing Dennis and Nappi, if they opposed the motion, to enter a notice of appearance and file in opposition by March 18, 2021. Dkt. 31.

On March 22, 2021, the Court received a letter from the City stating that, on March 18, 2021, it had received an email communication from Nappi indicating that he had filed a *pro se* response to the City's motion for default judgment and that he intended to appear in and defend the action. Dkts. 33, 33-1. On March 23, 2021, the Court vacated the certificate of default against Nappi and denied the City's motion for default judgment against him, directing Nappi to file a response to the City's counterclaim by April 13, 2021. Dkt. 34. The same day, the Court entered default judgment against Dennis, who had not appeared and failed to contest the default judgment motion, Dkt. 35, and referred the case to the Judge Parker for an inquest into damages, Dkt. 36.

On April 27, 2021, the Court extended Nappi's time to respond to the City's counterclaim to April 30, 2021. Dkt. 43. On May 4, 2021, the Court denied Nappi's motion to dismiss for improper service, which it had received via email on April 30, 2021, and again extended Nappi's time to respond to the City, this time until May 14, 2021. Dkt. 45. Nappi did not file an answer.

On June 22, 2021, the City obtained a clerk's certificate of default as to Nappi. Dkt. 55. On July 8, 2021, the Court ordered the City to show cause, by July 16, 2021, why the case as to Nappi should not be dismissed for failure to prosecute, given that Nappi had not responded to the counterclaims, or otherwise appeared, despite the Court's many instructions for him to do so

soon, *see* Dkts. 34, 43, 45. Dkt. 56. On July 13, 2021, the City moved for default judgment against Nappi. Dkt. 57. On July 14, 2021, the Court issued an order directing Nappi to file any opposition to the City's motion by July 21, 2021. Dkt. 60. Nappi did not do so. On July 22, 2021, the Court entered a default judgment as to liability against Nappi, Dkt. 63, and commissioned an inquest into damages from Judge Parker, Dkt. 64.

On December 10, 2021, Judge Parker issued the Report. The Court incorporates by reference the summary of the facts provided in the Report. The Report recommended that the City be awarded $167,500 in civil penalties against Nappi and $2,543,310 in damages under RICO against Nappi and Dennis, jointly and severally. Report at 11, 14. For each award, the Report recommended awarding post-judgment interest at the statutory rate. *Id.* at 15. It also recommended entry of a permanent injunction against defendants, enjoining them from knowingly shipping, transporting, receiving, possessing, selling, distributing, or purchasing contraband cigarettes into, through, or within the City of New York, or from employing or instructing any other individual or entity to engage in that conduct on their behalf. *Id.* at 12.

## II.     Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Parker's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that the counterclaim defendants "shall have seventeen days" from the date of service and the counterclaim plaintiff "shall have fourteen days" to object and "failure to file these timely objections will result in a waiver of those objections for purposes of appeal," Report at 16, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

The Court therefore awards the City $167,500 in civil penalties against Nappi and $2,543,310 in damages against Nappi and Dennis, jointly and severally. Each award is entitled to post-judgment interest. The Court hereby issues an injunction enjoining Dennis and Nappi from knowingly shipping, transporting, receiving, possessing, selling, distributing, or purchasing contraband cigarettes, as defined by 18 U.S.C. § 2341(2), into, through, or within the City of New York, or from employing or instructing any other individual or entity to engage in that conduct on their behalf.

## CONCLUSION

For the reasons stated herein, the Court adopts the Report in full. Defendants are permanently enjoined, and the City is awarded $167,500 in civil penalties against Nappi and $2,543,310 in damages against Nappi and Dennis, jointly and severally, plus post-judgment interest to be calculated by the Clerk of the Court.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: January 3, 2022
       New York, New York